UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DOUGLAS HARRY,<br><br>Plaintiff,<br><br>v.<br><br>WALTER PRONOZUK, et al.,<br><br>Defendants. | Case No.: 25-CV-3214 JLS (VET)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO CIVIL LOCAL RULE 7.1(f)(3)(c)**<br><br>(ECF Nos. 3, 6) |

Presently before the Court are Defendants Farmers Insurance and Truck Insurance Exchange's Motion to Dismiss and/or For a More Definitive Statement (ECF No. 3), and Defendants Walter Pronozuk's, Anne Pronozuk's, Batta Fulkerson Law Group's, and Taylor Gaines's Motion to Dismiss and/or For a More Definitive Statement (ECF No. 6). No oppositions to the Motions have been filed. *See generally* Docket. For the reasons that follow, the Court **GRANTS** Defendant's Motion pursuant to Civil Local Rule 7.1(f)(3)(c).

**DISCUSSION**

The Court set a hearing on the Motions for February 5, 2026, which was vacated pursuant to Local Rule 7.1(d)(1) on January 29, 2026. ECF No. 7. Plaintiff William Douglas Harry did not file oppositions to either of the Motions in accordance with Local Rule 7.1(e)(2). *See* CivLR 7.1(e)(2) ("Except as otherwise specified in Civil Local Rule 7.1.e.1, each party opposing a motion, application, or order to show cause must file that

25-CV-3214 JLS (VET)

opposition or statement of non-opposition with the Clerk and serve the movant or the movant's attorney not later than fourteen (14) calendar days prior to the noticed hearing.").

The Ninth Circuit has held that, pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond to a motion. *See Ghazali v. Mora*n, 46 F.3d 52, 53 (9th Cir. 1995), *overruled on other grounds by, Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule allows the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

In determining whether to dismiss an action, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), *superseded by statute on other grounds as recognized in*, *Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating the fourth factor weighs against dismissal). The Court therefore considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff had notice of the Motions yet failed to file a timely opposition. Further, Plaintiff has not provided any excuse for his failure to timely file an opposition. The Court cannot continue waiting for Plaintiff to take action, and a case cannot move forward when the plaintiff fails to defend his case. Further, Plaintiff is an attorney and nonetheless has failed to comply with the rules of procedure.

25-CV-3214 JLS (VET)

*See Holt v. I.R.S.*, 231 Fed. App'x. 557, 558 (9th Cir. 2007) (holding court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition).

The third factor, which considers the prejudice to a defendant that results from a plaintiff's inaction, also favors dismissal. *See Malone v. U.S.P.S.*, 833 F.2d 128, 131 (9th Cir. 1987). Under this factor, "the risk of prejudice . . . is related to [Plaintiff's] reason for defaulting in failing to timely" file his opposition. *Yourish*, 191 F.3d at 991. Where, as here, a plaintiff fails to provide any excuse for his conduct or contact the Court regarding said failure, this factor weighs in favor of dismissal. *See, e.g.*, *Enders v. Countrywide Home Loans, Inc.*, No. C 09-3213SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009).

As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still, the Court did employ the less drastic alternative of waiting almost two months for any response from Plaintiff. Therefore, this factor also weighs in favor of dismissal.

## CONCLUSION

Finding that the *Ghazali* factors weigh in favor of granting the unopposed Motion, the Court **GRANTS** Defendants Farmers Insurance and Truck Insurance Exchange's Motion to Dismiss and/or For a More Definitive Statement (ECF No. 3), and Defendants Walter Pronozuk's, Anne Pronozuk's, Batta Fulkerson Law Group's, and Taylor Gaines's Motion to Dismiss and/or For a More Definitive Statement (ECF No. 6) pursuant to Civil Local Rule 7.1(f)(3)(c). The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1). Plaintiff **MAY FILE** an amended complaint curing the deficiencies identified in Defendants' Motions <u>within thirty (30) days</u> of the date on which this Order is electronically docketed. Should Plaintiff fail to file an amended pleading in accordance with this Order, the Court will enter a final order dismissing this civil action

25-CV-3214 JLS (VET)

based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  March 20, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-3214 JLS (VET)